**THE LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**
Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Email: joe@manninglawoffice.com
Michael J. Manning, Esq. (State Bar No. 286879)
Email: mike@manninglawoffice.com
Phillip B. Nghiem, Esq. (State Bar No. 291525)
Email: philn@manninglawoffice.com
4667 MacArthur Boulevard, Suite 150 Newport Beach, CA 92660
Telephone: (949) 200-8755
Fax: (866) 843-8308

**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
Gary T. Dote (State Bar No. 259722)
Email: gary@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
JACQUELINE TAYLOR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE TAYLOR; an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED INTERSTATE LLC, a Minnesota Limited Liability Company, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JACQUELINE TAYLOR ("Plaintiff") alleges the following upon information and belief based upon personal knowledge:

## INTRODUCTION

1. This case arises from the illegal actions of ALLIED INTERSTATE LLC in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), thereby invading Plaintiff's privacy.

## PARTIES

2. Plaintiff, JACQUELINE TAYLOR, is a natural person residing in the State of California, and is a "person" as defined by 47 U.S.C. § 153 (39).

3. Plaintiff is informed and believes, and thereon alleges, that ALLIED INTERSTATE LLC ("ALLIED" or "Defendant") is, and at all times mentioned herein was, a Minnesota Limited Liability Company whose primary office address is 12755 State Highway 55, Suite 300, Plymouth, MN 55441. ALLIED's agent for service of process is CT Corporation System doing business in California, located at 818 W 7th Street, #930, Los Angeles, California 90017.

4. Defendant ALLIED is, and at all times mentioned herein, conducted business in the State of California, and within this judicial district.

5. ALLIED regularly does business in the State of California by placing calls to individuals, including California residents and regularly contacting residents therein for the purpose of debt collection.

6. Plaintiff is informed and believes and upon such information and belief alleges Defendant is also a national debt collection company that continuously and systematically engages in its business of collecting debts from within the State of California and in the United States.

7. The true names and capacities of Defendants named herein as DOES 1 through 20 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to show the true names and

capacities of such DOES when they have been ascertained. Upon information and belief, Plaintiff alleges that each of DOES 1 through 20 was responsible in some manner for the occurrences, acts, and transactions herein alleged, and that Plaintiff's damages and violations of Plaintiff's rights were proximately caused by such Defendants.

8. Upon information and belief, Plaintiff alleges that at all times mentioned Defendants were the agents, servants, representatives, partners and/or employees of co-Defendants, and, by engaging in the actions mentioned below, were, unless otherwise alleged, acting within the course and scope of their authority as such agent, servant, representative, partner, and/or employee, with the permission and consent of co-Defendants.

9. Any allegations about acts of any corporate or other business Defendants means that the corporation or other business did the alleged acts through its officers, directors, employees, agents, and/or representatives, while they were acting within the actual or ostensible scope of their authority.

## **JURISDICTION AND VENUE**

10. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

11. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## **DEMAND FOR JURY TRIAL**

12. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. Amend. 7 and Fed.R.Civ.P. 38.

## **DEFENDANT ALLIED'S BUSINESS**

13. ALLIED'S primary business is extension of credit to distressed consumers and the collection of past due debts.

14.     In connection with ALLIED'S business, Defendant places telephone calls using a "predictive dialer" and/or an artificial or prerecorded voice.

15.     "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); see also *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

## FACTUAL ALLEGATIONS

16.     Beginning in and around May 27, 2015, ALLIED contacted Plaintiff on her cellular telephone in an attempt to collect an alleged outstanding debt.

17.     ALLIED called or attempted to call Plaintiff from the telephone number (877) 476-5222 which appeared on Plaintiff's cellular phone.

18.     Plaintiff was the subscriber to the Cellular telephone number ALLIED called at the time of each call ("Plaintiff's Number").

19.     On May 6, 2015, at approximately 8:06 a.m., Plaintiff's Number received a call from (877) 476-5222 that called four more consecutive times on the same date. Plaintiff had not provided express consent to ALLIED to call Plaintiff's Number. Over the next three weeks, ALLIED called Plaintiff's Number at least one-hundred and four (104) more times.

20.     At no time after ALLIED began calling Plaintiff's Number had Plaintiff provided express consent to Defendant to call Plaintiff's Number.

///

21. Plaintiff's Number is assigned to a telephone service for which Plaintiff is charged for the call.

22. As of the date on which this complaint is being filed, ALLIED placed at least one-hundred and eight (108) telephone calls to Plaintiff's Number using a predictive dialer and/or an artificial or prerecorded voice.

## APPLICABLE LAW

23. In 1991, the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, was enacted by Congress in response to voluminous consumer complaints about abuses of telephone technology. The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of Automatic Telephone Dialing Systems (ATDS) to communicate by telephone in a manner that would be an invasion of privacy. Thus, the Act is aimed at "protect[ing] the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers." S. Rep. No. 102-178, at 1 (1991), reprinted in 1991 U.S.C.C.A.N. 1968 [quoted in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009)].

24. The TCPA provided that it is unlawful for any person within the United States to (1) make any call using any automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice (2) without the prior express consent of the called party. Section 227 of the act defined ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator, and (B) to dial such numbers"

25. Over the years, the telemarketing industry underwent significant changes in technology and methods to invade consumer privacy through automated solicitation and debt collection. By 2003, in response to the increasing consumer complaints and the Federal Communications Commission ("FCC") revised the TCPA and adopted new rules for consumers to combat increasingly sophisticated

and increasing number of automated calls to consumers. Some of the adoptions in the 2003 order included a do not call list and FCC clarification as to what constitutes an ATDS. Among several other clarifications, the FCC ordered that predictive dialers[1] have the capacity to store or produce telephone numbers, and are therefore an ATDS under Section 277. This interpretation of the ATDS has been routinely accepted by courts of law throughout the country.

26. On June 18, 2015, the FCC made another declaratory ruling further reinforcing that an autodialer is any technology with the capacity, whether present or future, to dial random or sequential numbers. This definition ensures that robo-callers cannot skirt consumer consent requirements through changes in calling technology design or by calling from a list of numbers. FCC June 18, 2015 Declaratory Rulings Press Release. The FCC also made clear that a called party may revoke consent to be called at any time and through any reasonable means.

27. Senator Fritz Hollings, the original sponsor of the TCPA, stated: "Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." 137 Cong. Rec. 30,821 (1991).

28. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

29. A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer*

---

[1] A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.

*Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C. Rcd. 559, 562-63 (2008).

30. The TCPA provides, in part:

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

    1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

        (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

        * * *

            (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

        (D) to use an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged simultaneously.

    47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(1)(D)

31. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the person or entity subscribing to the called number at the time the telephone call is made. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶ 73.

32. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 40, ¶ 72.

33. Plaintiff was the "called party" in each telephone call Defendant made to Plaintiff's Number.

## **FIRST CAUSE OF ACTION**
## **Negligent Violations of the Telephone Consumer Protection Act**
## **47 U.S.C. § 227 *et seq.***

34. Plaintiff incorporates by reference, as though fully set forth, paragraphs 1 through 33 of this Complaint.

35. Defendant ALLIED negligently violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by using an ATDS and/or an artificial or prerecorded voice to call Plaintiff at a telephone number assigned to a service for which Plaintiff is charged for the call without Defendant's prior express consent.

36. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

///

///

///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227** *et seq.*

37. Plaintiff incorporates by reference, as though fully set forth, paragraphs 1 through 36 of this Complaint.

38. The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

39. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

40. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011). Clark, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

41. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making

phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

42. Defendant ALLIED voluntarily placed telephone calls to Plaintiff's Number using an ATDS and/or an artificial or prerecorded voice.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

44. As a result of Defendant's knowing and/or willing violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

///

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

a. An order enjoining Defendant from placing further telephone calls to Plaintiff's Number pursuant to 47 U.S.C. § 227(b)(3).

b. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

For such other legal and/or equitable relief as the Court deems appropriate.

DATED: February 11, 2016                     **MCFARLIN LLP**

                                             By:   */s/ Jarrod Y. Nakano*
                                                   _____

                                                   Jarrod Y. Nakano
                                                   Attorneys for Plaintiff
                                                   JACQUELINE TAYLOR