Stuart M. Richter (CA 126231)
stuart.richter@kattenlaw.com
Gregory S. Korman (CA 216931)
greg.korman@kattenlaw.com
Courtnee A. Draper (CA 298921)
courtnee.draper@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Defendant Allied Interstate LLC

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

**United States District Court**

**Central District of California**

| | |
|---|---|
| Jacqueline Taylor, an individual<br><br>Plaintiff<br><br>v.<br><br>Allied Interstate, LLC<br><br>Defendant | Case No. 8:16-CV-00248-CJC (KES)<br><br>**Defendant Allied Interstate LLC's Notice of Motion and Motion to Stay Until the D.C. Circuit Decides the Dispositive Legal Issue in this Case**<br><br>Date: May 23, 2016<br>Time: 1:30 p.m.<br>Place: Ctrm. 9B<br>Judge: Hon. Cormac J. Carney |

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

**To all parties and their counsel:**

**Please take notice** that on May 23, 2016, at 1:30 p.m., in Courtroom 9B of the above-named Court, located at 411 West Fourth Street, Santa Ana, California 92701, the Honorable Cormac J. Carney presiding, Defendant Allied Interstate LLC, will and hereby does move for a stay of this case pending the decision by the United States Court of Appeals for the District of Columbia Circuit's decision in *ACA Int'l v. Fed. Commc'ns Comm'n*, No. 15-1211 (D.C. Cir. 2015), which will answer the dispositive issue in this case: whether Allied is liable for intending to call a customer who had provided prior express consent, but whose cellular telephone number had, unbeknownst to Allied, been reassigned to the plaintiff, Jacqueline Taylor.

This motion is made pursuant to the Court's inherent powers and is based upon this notice, the attached memorandum of points and authorities, the declaration of Arvind Kalluri in support of the motion to stay, any matters of which the Court may or must take judicial notice, the Court's file, and any other matters the Court may consider at or before the hearing on the motion.

This motion follows the conference of counsel pursuant to L.R. 7–3, which took place on April 8, 2016 and April 11, 2016.

Respectfully submitted,

Dated: April 20, 2016

KATTEN MUCHIN ROSENMAN LLP

By: /s/ Gregory S. Korman
Attorneys for Defendant Allied Interstate LLC

# TABLE OF CONTENTS

**Page**

I. Introduction ........ 1

II. Background ........ 3

A. The TCPA ........ 3

B. Plaintiff's Claims in this Action ........ 3

C. The Sharply Divided FCC Order ........ 4

D. The ACA Appeal ........ 6

III. The Court Should Stay these Proceedings under Its Inherent Authority until the D.C. Circuit Decides the Dispositive Legal Issue ........ 7

IV. The Balance of Hardships Favors a Stay ........ 8

V. Conclusion ........ 10

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abplanalp v. United Collec. Bureau, Inc.*,
No. 3:15-CV-203-RJC-DCK, 2016 WL 81498 (W.D.N.C. Jan. 7, 2016) .......... 2, 8

*ACA Int'l v. Fed. Commc'ns Comm'n*,
No. 15-1211 (D.C. Cir. 2015) .......... *passim*

*Acton v. Intellectual Cap. Mgmt., Inc.*, No. 15-CV-4004(JS)(ARL),
2015 WL 9462110 (E.D.N.Y. Dec. 28, 2015) .......... 2, 8

*Barrera v. Comcast Holdings Corp.*,
No. 14–cv–00343–THE, 2014 WL 1942829 (N.D. Cal. May 12, 2014) .......... 9, 10

*Fontes v. Time Warner Cable Inc.*,
No. CV14-2060-CAS (CWx), 2015 WL 9272790 (C.D. Cal. Dec. 17, 2015) .......... 2, 6, 7, 10

*Glauser v. Twilio, Inc.*,
No. C 11–2584 PJH, 2012 WL 259426 (N.D. Cal. Jan. 27, 2012) .......... 9

*Gusman v. Comcast Corp.*,
No. 13CV1049–GPC (DHB), 2014 WL 2115472 (S.D. Cal. May 21, 2014) .......... 8

*Kolloukian v. Uber Tech., Inc.*,
No. CV 15–2856–PSG–JEM, 2015 WL 9698782 (C.D. Cal. Dec. 14, 2015) .......... 2, 8

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .......... 7

*Leyva v. Certified Grocers of Cal. Ltd.*,
593 F.2d 857 (9th Cir. 1979) .......... 7

*Matlock v. United Healthcare Servs., Inc.*,
No. 2:13–cv–02206–MCE–EFB, 2014 WL 1155541 (E.D. Cal. Mar. 20, 2014) .......... 8

*Mendoza v. UnitedHealth Grp. Inc.*,
No. C 13–1553 PJH, 2014 WL 722031 (N.D. Cal. Jan. 6, 2014) .......................... 9

*Taylor v. Ally Fin., Inc.*,
No. 2:15-cv-02579-TJH (AJW) .......................... 5

*Taylor v. Bluestem Brands, Inc.*,
No. 3:15-cv-02054-AJB (BGS) .......................... 5

*Taylor v. Capio Partners LLC*,
No. 8:15-cv-01752-DOC (DFM) .......................... 5

*Taylor v. Comenity Bank*,
No. 2:15-cv-02565-ODW (AJW) .......................... 5

*Taylor v. Credit One Bank, N.A.*,
No. 8:15-cv-02045-JLS (DFM) .......................... 5

*Taylor v. Credit Prot. Ass'n, L.P.*,
No. 8:15-cv-01777-AG (JEM) .......................... 5

*Taylor v. Portfolio Recov. Assocs. LLC.*,
No. 8:15-cv-01768-JLS (DFM) .......................... 5

*Taylor v. Receivables Perf. Mgmt., LLC*,
No. 8:15-cv-01644-JLS (KES) .......................... 5

*Taylor v. Santander Consumer USA Inc.*,
No. 8:16-cv-00308-JVS (GJS) .......................... 5

*Taylor v. Transworld Sys., Inc.*,
No. 3:15-cv-00618-CAB (RBB) .......................... 5

**Statutes**

47 U.S.C. § 227 .......................... *passim*

**Other Authorities**

30 FCC Rcd. 7961 (2015) .......................... *passim*

137 Cong. Rec. 18123 (1991) .......................... 1

137 Cong. Rec. 35304 (1991) .......................... 1

Fed. R. Civ. P. 1 .......................... 2

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

## <u>Memorandum of Points and Authorities</u>

### I. Introduction

Defendant Allied Interstate, LLC ("Allied") respectfully requests a stay of this case until the United States Court of Appeals for the District of Columbia Circuit decides a case now pending before it, *ACA Int'l v. Fed. Commc'ns Comm'n*, No. 15-1211 (D.C. Cir. 2015) (the "ACA Appeal"). The ACA Appeal will answer the key substantive legal question before this Court: Is there liability under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. (the "TCPA"), for non-telemarketing autodialed calls placed to "reassigned" or "wrong" wireless numbers? Plaintiff Jacqueline Taylor thinks so; she faults Allied for placing a debt-collection call to a wireless phone number that Allied had consent to call but, unbeknownst to Allied, had been reassigned to Taylor from the intended recipient. Allied, on the other hand, does not believe Congress had this sort of call in mind when it enacted the TCPA—the legislative history tells us so.[1]

The requested stay pending the ACA Appeal is warranted pursuant to the Court's inherent powers to control its own docket and to promote conservation of judicial and party resources. The ACA Appeal directly challenges the FCC's recently issued declaratory ruling and order, a sharply divided 3–2 decision that defines a "called party" as the current subscriber of the telephone number dialed, rather than the intended recipient of a call or a prior subscriber. *See* Request for Judicial Notice, Ex. A (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, ¶ 73 (2015)) (the "FCC Order").

[1] The TCPA was intended to "target calls that are the source of consumer complaints—telemarketing calls placed to the home." 137 Cong. Rec. 18123 (1991). In contrast, "[c]alls informing a customer that a bill is overdue . . . are clearly not burdensome, and should not be prohibited." *Id.* at 35304.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

Criticism of the FCC Order has been scathing. Dissents from two Commissioners variously call the majority's decision playing "gotcha," endorsing a "mishmash interpretation," a "veritable quagmire of self-contradiction," and a "trap for law-abiding companies," Pai Dissent, at p. 117–121, as well as a "liability trap," with reasoning that is "absolutely ludicrous," and conclusions that are "preposterous," O'Rielly Dissent, at p. 130–134." The industry response was swift: "nine companies filed petitions with the D.C. Circuit, all asking the court to vacate the FCC's ruling with regard to the potential liability for calls to reassigned cell phone numbers . . ." *Fontes v. Time Warner Cable Inc.*, No. CV14-2060-CAS (CWx), 2015 WL 9272790, at *3 (C.D. Cal. Dec. 17, 2015). Appellate briefing is complete and argument will be heard soon. *Id.* at *3, *5. Though several issues are before the D.C. Circuit, the "called party" definition is front and center. If the FCC's Order on that issue is vacated, it will have a substantial, if not dispositive, impact on the outcome of the present case.

This Court need not—and indeed, should not—determine the merits of Plaintiff's complaint without the benefit of the D.C. Circuit's decision. A number of courts have already stayed cases pending the D.C. Circuit's ruling. *See id.*; *Kolloukian v. Uber Tech., Inc.*, No. CV 15–2856–PSG–JEM, 2015 WL 9698782, at *1 (C.D. Cal. Dec. 14, 2015); *Acton v. Intellectual Cap. Mgmt., Inc.*, No. 15-CV-4004(JS)(ARL), 2015 WL 9462110, at *3 (E.D.N.Y. Dec. 28, 2015); *Abplanalp v. United Collec. Bureau, Inc.*, No. 3:15-CV-203-RJC-DCK, 2016 WL 81498, at *3 (W.D.N.C. Jan. 7, 2016). To ensure the just, speedy, and inexpensive resolution of this case, Fed. R. Civ. P. 1, this Court should stay this litigation until the law on this issue is settled.

Accordingly, because the D.C. Circuit right now is considering the singular issue pending before the Court, Allied respectfully requests that the Court stay this case until the D.C. Circuit issues a ruling in the ACA Appeal.

## II. Background

### A. The TCPA

The TCPA amended Title II of the Communications Act of 1934 by adding a new section designed to address certain telemarketing practices that Congress found presented privacy and public safety concerns. Relevant here, the TCPA makes it unlawful for any person to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." 47 U.S.C. § 227(b)(1)(A). Thus the TCPA provides a complete defense for a defendant where the "called party" gave prior express consent to receive calls.

The TCPA does not define the term "called party," and until its recent order, the FCC had given no guidance as to what constitutes a "called party." This led to a split between consumer lawyers, who argued "called party" was the person who answered the phone, and industry, who argued it was the intended recipient, such that the prior express consent applied if the recipient's number had been reassigned to someone else without the caller's knowledge.

### B. Plaintiff's Claims in this Action

Allied called Robyn Slepicoff at a telephone number she had provided to her creditor in connection with a financial transaction. Declaration of Arvind Kalluri in Support of Motion to Stay, ¶ 4. Slepicoff's phone number had been provided to Allied by its lender client as a good number to reach Slepicoff. *Id.* at ¶ 5. Based on Slepicoff's consent to receive calls, and Allied's belief that the telephone number provided was a home number, Allied made numerous call attempts looking for Robyn Slepicoff. *Id.* ¶ 6. These calls were made for the purpose of collecting a debt, not for the purposes of telemarketing, solicitation, or advertising. *Id.* None of Allied's calls resulted in contact with a live person. *Id.*

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

Unbeknownst to Allied, Slepicoff's telephone number apparently had been reassigned to Taylor, so Allied's unanswered calls went to "her" phone. Based on this fortuity, Taylor asserts two claims against Allied for alleged violations of the TCPA. Count One asserts a claim for "negligent violations" of the TCPA, which carries a statutory penalty of $500 per violation, 47 U.S.C. § 227(b)(3)(B). Count Two asserts a claim for "knowing and/or willful violations" of the TCPA, which carries a statutory penalty of $1,500 per violation. *Id*. § 227(b)(3)(C).

**C. The Sharply Divided FCC Order**

Telephone numbers increasingly are being recycled—100,000 times per day and 37 million times per year. FCC Order, Pai Dissent at p. 117; O'Rielly Dissent at p. 130. Without a definition of the TCPA's term "called party," innocently dialed wrong-number lawsuits like this one have proliferated. Various petitioners asked the FCC for clarification that this sort of mistake did not result in liability, urging that "called party" fairly had to mean the intended or expected recipient. FCC Order, O'Reilly Dissent at p.133.

On July 10, 2015, a deeply split FCC finally released an omnibus declaratory ruling and order defining a "called party" as the:

> subscriber, *i.e.*, the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan. [] Thus, with the limited exception discussed below, calls to reassigned wireless numbers violate the TCPA when a previous subscriber, not the current subscriber or customary user, provided the prior express consent on which the call is based.

FCC Order ¶ 73 (footnotes omitted). The "limited exception" mentioned provides that, for a caller who believes he has consent to call a number that has

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

been reassigned, the caller gets one free call; whether the caller learns from that one free call that the number has been reassigned doesn't matter a whit—"the caller is liable for any calls thereafter." *Id.* ¶ 87.

The problem is, wrong number calls are unavoidable. *See, e.g.*, O'Rielly Dissent at p. 133 ("There is simply no realistic way for a company to comprehensively determine whether a number has been reassigned"). Moreover, under the FCC Order's new definition, callers are held strictly liable even to consumers who game the system by failing to inform callers that the number has been reassigned in order to deliberately increase the number of mistaken calls, thereby increasing potential TCPA damages. *Id.* at p. 131 ("In fact, the order expressly rejects a bad faith defense against call and text message recipients that intentionally deceive the caller or sender in order to induce more liability.")[2]

Consequently, the FCC Order's narrow and arbitrary definition of called party penalizes innocent callers, like Allied, who unknowingly place calls to reassigned numbers. *See* Pai Dissent, FCC Order, p. 117 ("The *Order* opens the floodgates to more TCPA litigation against good-faith actors for another reason as well . . . . [E]ven the most well-intentioned and well-informed business will sometimes call a number that's been reassigned to a new person."); O'Rielly Dissent at p. 124 ("The Commission's unfathomable action today further expands the scope of the TCPA and sweeps in a variety of

[2] Taylor certainly appears to be one of these TCPA profiteers. She has filed at least 10 TCPA lawsuits, just like this one, throughout the state. *See Taylor v. Transworld Sys., Inc.*, No. 3:15-cv-00618-CAB (RBB); *Taylor v. Comenity Bank*, No. 2:15-cv-02565-ODW (AJW); *Taylor v. Ally Fin., Inc.*, No. 2:15-cv-02579-TJH (AJW); *Taylor v. Capio Partners LLC*, No. 8:15-cv-01752-DOC (DFM); *Taylor v. Receivables Perf. Mgmt., LLC*, No. 8:15-cv-01644-JLS (KES); *Taylor v. Portfolio Recov. Assocs. LLC.*, No. 8:15-cv-01768-JLS (DFM); *Taylor v. Credit Prot. Ass'n, L.P.*, No. 8:15-cv-01777-AG (JEM); *Taylor v. Bluestem Brands, Inc.*, No. 3:15-cv-02054-AJB (BGS); *Taylor v. Credit One Bank, N.A.*, No. 8:15-cv-02045-JLS (DFM); *Taylor v. Santander Consumer USA Inc.*, No. 8:16-cv-00308-JVS (GJS).

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

communications either by denying relief outright or penalizing companies that dial a number that, unbeknownst to them, has been reassigned to someone else.”).

The majority’s analysis and reasoning has been openly assailed. Pai Dissent at p. 120 (characterizing the majority’s interpretation as a “veritable quagmire of self-contradiction and misplaced incentives” whose “chief legal theory does not hold water.”). The FCC’s definition of called party likely violates the First Amendment. Pai Dissent at p. 120 (“In contrast, the *Order*’s strict liability interpretation chills such communications by threatening a company with crippling liability even if it reasonably expects to reach a consenting consumer when making a call.”). And the supposed safety valve—giving callers to reassigned numbers one free call—is “fake relief instead of a solution.” O’Rielly Dissent at p. 130; *see also id.* at p. 131 (“Moreover, the idea that, after one call, a caller would have ‘constructive knowledge’ that a number has been reassigned—even if there was no response—is absolutely ludicrous.”).

The result is that the FCC’s interpretation of called party doesn’t benefit consumers, it benefits their lawyers. *See* Pai Dissent, FCC Order, p. 113 (“This *Order* will make abuse of the TCPA much, much easier. And the primary beneficiaries will be trial lawyers, not the American public.”); fn. 561 (“As the very name makes clear, the TCPA is a consumer protection statute, not a trial-lawyer protection statute.”); O’Rielly Dissent, p. 138 (concluding that the FCC Order “will lead to more litigation and burdens on legitimate businesses without actually protecting consumers from abusive robocalls made by bad actors”).

**D. The ACA Appeal**

Under the FCC Order, innocent callers like Allied cannot avoid liability when placing calls with prior consent—calls that Congress expressly allowed.

That unfairness (among others) prompted numerous companies to file petitions in the courts of appeals to vacate the FCC's ruling pursuant to the Administrative Orders Review Act (also known as the Hobbs Act). *See Fontes*, *supra*, 2015 WL 9272790, at *3. Those petitions were subsequently consolidated into a single case in the D.C. Circuit (the ACA Appeal), which has since been fully briefed. *Id.* at *3 (citing the ACA Appeal, Dkt. 44, Ed. E (Order No. 15-1211 at 1-2 (D.C. Cir. Oct. 13, 2015). The D.C. Circuit should soon hear argument and decide the case by the end of the year. *Id.* at *5.

**III. The Court Should Stay these Proceedings under Its Inherent Authority until the D.C. Circuit Decides the Dispositive Legal Issue**

The Court should stay the case pending the D.C. Circuit's ruling pursuant to its inherent power to control its own docket. *Fontes*, *supra*, 2015 WL 9272790, at *4 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The court 'may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *Id.* (quoting *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

At least two district judges in the Central District have done just that. Judge Snyder and Judge Gutierrez both stayed "wrong party" TCPA claims pending resolution of the ACA Appeal. Judge Snyder found it prudent to stay the case pending the D.C. Circuit's review of the FCC Order:

> If the Court of Appeals were to issue an order vacating the FCC's ruling in significant part . . . it would likely render moot substantial efforts by the parties as well as many of the Court's rulings. Accordingly, in light of the risk of wasting the resources of the Court and the parties as well as the high degree of uncertainty in this area of the law, the Court finds that a stay is appropriate in this case.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

*Fontes*, *supra*, 2015 WL 9272790, at *4–5.

Judge Gutierrez agreed:

> [A] stay will conserve the Court's and the parties' resources by simplifying the issues in question, streamlining the resolution of substantive issues, and reducing the burden on the parties and the Court. A stay will not create any undue prejudice to Plaintiff and the modest delay caused by the granted stay is reasonable in light of the implications the appellate decisions may have on this litigation.

*Kolloukian*, *supra*, 2015 WL 9698782, at *1.

Courts in other circuits have likewise stayed cases pending resolution of the ACA Appeal. *See Acton*, *supra*, 2015 WL 9462110, at *3 (holding that a stay pending the outcome of the ACA Appeal was "in the interests of justice" as the "resolution of the D.C. Circuit Court of Appeals will more precisely define terms set forth in the TCPA."); *Abplanalp*, *supra*, 2016 WL 81498, at *2 (challenges to the FCC Order's definition of an automatic dialer was critical to resolving the issues in the case, therefore, "in the interests of judicial economy" the court stayed the matter pending resolution of the ACA Appeal).

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

## IV. The Balance of Hardships Favors a Stay

For several reasons, a stay will not prejudice Plaintiff. *First*, the alleged conduct is over. Taylor alleges receiving numerous calls from Allied back in May 2015. Compl. ¶ 19. She doesn't say she ever answered any of these calls or that she endured any actual harm; she seeks only statutory penalties. She does not allege that Allied ever called again, and every allegation is pleaded in the past tense. That eliminates one conceivable form of prejudice. *See Gusman v. Comcast Corp.*, No. 13CV1049–GPC (DHB), 2014 WL 2115472, at *4 (S.D. Cal. May 21, 2014) ("Moreover, Plaintiff will not be prejudiced since he stopped receiving calls in the Fall of 2013 . . ."); *Matlock v. United Healthcare*

*Servs., Inc.*, No. 2:13–cv–02206–MCE–EFB, 2014 WL 1155541, at *2 (E.D. Cal. Mar. 20, 2014) ("[T]he violation alleged in this case is not ongoing so Plaintiff will suffer no further damages during a stay.").

*Second*, the case is in its early stages. Only the complaint has been filed; no case management schedule has been set, discovery has not begun, and no dispositive motion has been filed. This eliminates another possible form of prejudice. *Id.* ("[A] stay is warranted because . . . this case is in the early stages of litigation, such that Plaintiff will not be prejudiced by any delay."); *Glauser v. Twilio, Inc.*, No. C 11–2584 PJH, 2012 WL 259426, at *3 (N.D. Cal. Jan. 27, 2012) ("[I]n view of the early stage of the present action, the court finds that the benefit to be provided by FCC guidance on potentially dispositive issues in this litigation outweighs the benefit to the plaintiff in allowing the action to proceed."); *Mendoza v. UnitedHealth Grp. Inc.*, No. C 13–1553 PJH, 2014 WL 722031, at *4 (N.D. Cal. Jan. 6, 2014) (same).

*Third*, there is no genuine risk of fading memories or losing evidence. Unlike many other lawsuits, TCPA cases involve no actual harm and don't require percipient testimony about specific conversations or events. Instead, TCPA cases turn on the plaintiff's phone records and the defendant's documentation of account activity and consent, and maybe its policies. All of this is written down, so the passage of time is of no concern. And the documents themselves are not going anywhere, as the parties are bound by their preservation duties. *Barrera v. Comcast Holdings Corp.*, No. 14-cv-00343–THE, 2014 WL 1942829, at *4 (N.D. Cal. May 12, 2014) (rejecting plaintiff's prejudice argument because "Plaintiff is likely in possession of relevant evidence such as her own phone records. The parties are under reciprocal obligations to preserve evidence."). Appropriate remedies exist if the parties fail to honor their preservation duties. This eliminates the

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

third and last form of conceivable prejudice Taylor might raise. In short, Taylor will not be harmed by a stay.

On the other hand, without a stay, the Court and Allied will suffer avoidable harm. In the coming months, both will be forced to devote resources to discovery and motion practice on the single dispositive issue covered by the ACA Appeal—the definition of called party. That issue will disappear when the D.C. Circuit decides it, one way or the other. And to the extent the Court proceeded to make interim determinations that turn out to conflict with the D.C. Circuit's ultimate interpretations, the Court's rulings will at best be undermined, necessitating further motion practice. *Barrera*, *supra*, 2014 WL 1942829, at *4 (stating the court "does not find that potential delay in awaiting a definitive ruling from the FCC on this highly relevant issue outweighs issuance of the stay.").

Moreover, all concerned—even Plaintiff—will benefit from the D.C. Circuit's decision because it will assist the parties in fairly and reasonably evaluating settlement. Pausing until the D.C. Circuit announces whether the FCC Order will be vacated is the prudent way to go. When the decision comes down, each side will be forced to take a realistic and *informed* look at the actual risks and rewards before deciding how to proceed. There is only upside and no downside to waiting for the right answer.

Finally, with briefing complete, we should have an answer reasonably soon. That answer has the potential to decide this case and thus is well worth the wait.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

## V. Conclusion

A stay is fair and efficient and costs nothing; proceeding with the case is an expensive and potentially wasteful endeavor. Respectfully, the Court should stay the case pending the D.C. Circuit's decision in the ACA Appeal.

Respectfully submitted,

Dated: April 20, 2016

KATTEN MUCHIN ROSENMAN LLP

By: /s/Gregory S. Korman
Attorneys for Defendant Allied Interstate LLC

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax