**THE LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**
Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Email: joe@manninglawoffice.com
Michael J. Manning, Esq. (State Bar No. 286879)
Email: mike@manninglawoffice.com
Phillip B. Nghiem, Esq. (State Bar No. 291525)
Email: philn@manninglawoffice.com
4667 MacArthur Boulevard, Suite 150 Newport Beach, CA 92660
Telephone: (949) 200-8755
Fax: (866) 843-8308

**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
Gary T. Dote (State Bar No. 259722)
Email: gary@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
JACQUELINE TAYLOR

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACQUELINE TAYLOR; an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED INTERSTATE LLC, a Minnesota Limited Liability Company, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 8:16-cv-00248-CJC-KES<br><br>Judge: Hon. Cormac J. Carney<br>Courtroom.: 9B<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES.**<br><br>Hearing:<br>Date: April 4, 2016<br>Time: 1:30 p.m.<br>Judge: Hon. Cormac J. Carney<br>Ctrm.: 9B |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff JACQUELINE TAYLOR respectfully submits the following opposition to Defendant ALLIED INTERSTATE LLC's motion to stay this case.

This opposition is based on the attached memorandum of points and authorities, all pleadings, records, and papers on file with the Court; such argument as may be presented at the time of the hearing; and such other matters as the Court may consider.

DATED: May 2, 2016

**MCFARLIN LLP**

By: */s/ Jarrod Y. Nakano*

Jarrod Y. Nakano
Attorneys for Plaintiff
JACQUELINE TAYLOR

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

In its motion to stay, Defendant ALLIED INTERSTATE LLC's ("Defendant" or "Allied") moves to stay this case pending the decision by the United States Court of Appeals for the District of Columbia Circuit's decision in *ACA Int'l v. Fed. Commc'ns Comm'm*, No. 15-1211 (D.C. Cir. 2015).

Allied contends that there should be no liability under the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq*. (the "TCPA"), for debt collection calls to a reassigned telephone number. Given this type of free range, consumers, like Plaintiff JACQUILINE TAYLOR ("Plaintiff" or "Taylor") will be subject to a deluge of unwanted and unsolicited telephone calls. In this case, Taylor received over 100 unauthorized and illegal telephone calls from Allied.

Allied requested stay pending the ACA Appeal is unwarranted and Allied has not satisfied its heavy burden to show that a stay is necessary under the circumstances of this case.

II. ARGUMENTS AND AUTHORITIES

A. Legal Standard on Motion to Stay.

"Only in a rare occurrence will a litigant in cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The proponent of the stay must "make out a clear case of hardship or inequity" in being required to go forward with litigation. *Id*. Further, the proponent of the stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997)

The Ninth Circuit has found that a District Court must weigh three factors in deciding a motion a stay: (1) The possible damage which may result from granting the stay; (2) the hardship or inequity which a party may suffer if the suit is allowed to go forward; and (3) the "orderly course of justice," measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be

expected to result from a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Being required to defend a suit, without more, does not constitute a clear case of hardship or inequity which might require a stay. *Id* at 1112.

District courts have discretion to stay or not stay proceedings before them. *Landis*, 299 U.S. at 254. In this District, courts have routinely exercised their discretion to deny motions for stays.

B. A Stay Would Harm Plaintiff and Unreasonably Delay Her Claims.

Allied has argued that not only would Plaintiff not suffer any harm from the stay, but Plaintiff would actually benefit from the stay. Motion pg. 10, lines 14-20. This bald assumption is mistaken and does not carry Allied's burden.

The stay requested is not simply a question of delay, but rather the lengthy delay that would likely result from having the matter decided upon appeal. A ruling by the D.C. Circuit may take years and would impose a hardship upon Plaintiff.

C. Allied Has Failed to Carry its Burden of Showing a Clear Case of Hardship or Inequity.

Allied argues that having to continue to litigate this case is a hardship. However, being required to defend a lawsuit without more does not constitute a clear case of hardship or inequity which might require a stay. *Lockyer*, 398 F.3d at 1112.

Inexplicably, Allied contends that Plaintiff will benefit from the stay. Motion pg. 10, lines 14-20. However, Plaintiff and her counsel disagree and see no benefit from the stay. Allied argues that devoting resources to discovery and motion practice would be "avoidable harm." However, as held in *Lockyner*, merely defending a lawsuit does not constitute a case of hardship or inequity.

At the end of the day, Allied simply failed to carry its burden of showing that the extraordinary relief of the lengthy stay it seeks is necessary, as opposed to merely desired by one party for its benefit alone.

///

D. The Orderly Course of Justice Require a Denial of the Stay.

Allied urges the Court to stay this action, pending the resolution of the ACA Appeal in order for the D.C. Circuit Court of Appeals to its ruling on "reassigned numbers" as they apply to the TCPA. However, not only does the plain reading of the statute coincide with the FCC's interpretation of "called person" and "prior express consent," multiple circuits have consistently held that the consent of the called party to refer to the consent of the current subscriber of a telephone number. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638-42 (7th Cir. 2012); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250-52 (11th Cir. 2014); *Moore v. Dish Network, L.L.C.*, 57 F.Supp.3d 639, 649-51 (2014); *Leyse v. Bank of Am., N.A.*, 804 F.3d 316, 325 n.13 (3d Cir. 2015).

Congress enacted the Telephone Consumer Protection Act because consumers were outraged over the proliferation of automated telephone calls that are a nuisance, intrusive, and found to be an invasion of privacy. *Mims v. Arrow Fin. Servs. LLC*, 132 S.Ct. 740, 745 (U.S. 2012). The TCPA unambiguously grants a person the right to sue any person violating the cellular telephone provision, 47 U.S.C. § 227(b)(1)(A)(iii). Specifically Section 227(b)(3) provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –
>
> (A) an action based on a violation of the subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

47 U.S.C. 227(b)(3). By the plain language of the statute, the TCPA does not limit TCPA claims to only the "called party." There is nothing within the statutory

language of the TCPA which suggests that the "called party," refers to the "expected recipient" or "intended recipient." Also as a matter of policy, the "expected recipient" standard would all but neuter the TCPA and would expose millions of consumers to unwanted and unsolicited telephone calls.

Allied's motion merely serves to delay this action at the expense and cost to the consumers that have been harmed by Defendant's conduct. As such, Plaintiff respectfully requests that the Court deny Allied's motion in its entirety.

## III. CONCLUSION

For all of the reasons discussed above, Plaintiff JACQUELINE TAYLOR respectfully requests that the Court deny Defendant ALLIED INTERSTATE LLC's motion to stay the case.

DATED: May 2, 2016

**MCFARLIN LLP**

By: */s/ Jarrod Y. Nakano*

Jarrod Y. Nakano
Attorneys for Plaintiff
JACQUELINE TAYLOR

**DECLARATION OF PROOF OF SERVICE**
*Taylor v. Allied Interstate, LLC, et al.*
United States District Court
Central District of California
Case No. 8:16-cv-00248-CJC-KES

I am over the age of 18 and not a party to the within action. I am employed by **MCFARLIN LLP,** whose business address is: **4 Park Plaza, Suite 1025, Irvine, CA 92614.**

On May 2, 2016, I served the foregoing document(s) described as: **PLAINTIFF'S OPPOSITION TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES.** on the interested parties as follows:

| | |
|---|---|
| Gregory S. Korman, Esq.<br>Katten Muchin Rosenman LLP<br>2029 Century Park East, Suite 2600<br>Los Angeles, CA 90067-3012 | Attorneys for Defendant Allied Interstate, LLC |

x **BY MAIL:** as follows:

x **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

x **FEDERAL**: I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 2, 2016, at Irvine, California.

*/s/ Marina Morkos*

Marina Morkos